UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-MC-20850-SCOLA/TORRES

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, *et al.*

        Petitioners,

v.

VLADIMIR MAISTRENKO,

        Respondent.

_____/

**REPORT AND RECOMMENDATION ON PETITIONERS' MOTION TO COMPEL DEPOSITION OF NON-PARTY RESPONDENT**

The application before this Court is a Motion to Compel the Deposition of Non-Party VLADIMIR MAISTRENKO ("Maistrenko" or "Respondent"), filed by STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY ("State Farm" or "Petitioners") on March 5, 2019. [D.E. 1]. The Honorable Judge Robert N. Scola referred the matter to the undersigned on March 8, 2019, and Maistrenko filed a response in opposition to the Motion on August 9, 2019. [D.E. 5, 10]. We have reviewed the Motion and Respondent's opposition to the relief requested therein; and after a careful review of the record before us and the governing legal authorities, we hereby **RECOMMEND** that Petitioners' Motion be **GRANTED**.

## *I.  BACKGROUND*

The application filed by Petitioners stems from a lawsuit initiated in the United States District Court for the Eastern District of New York, *State Farm Mutual Automobile Ins. Co. v. Jules Parisien, M.D. et al.*, Case No. 18-CV-00289. Petitioners, the plaintiff in the New York action, filed suit against twenty (20) separate entities and individuals alleging that each committed fraud and violated the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*.

The Complaint in the New York Action alleges that the various defendants engaged in a scheme to defraud State Farm by submitting bogus insurance claims for medical treatment that purportedly had been provided at a facility in Brooklyn, New York for victims of automobile accidents. State Farm claims that the "medical services" given were all sham procedures and the bills submitted by the Defendants related to unnecessary or non-existent medical treatment.

During the course of the alleged scheme, State Farm claims that many of the defendants in the New York action made large payments to several individuals residing in the Miami area, including the Respondent here. To that end, State Farm sought and obtained a subpoena from the Eastern District of New York that required Respondent to appear for a deposition in Coral Gables, Florida on January 31, 2019. [D.E. 1-2, pp. 4-5].[1]

State Farm submitted an affidavit from Frank Trujillo to discuss the particulars of how he effectuated service on Respondent. [D.E. 15]. Trujillo states that

---

[1]  Respondent Maistrenko resides and owns several businesses in the Miami area.

he attempted to serve the subpoena and related papers on January 9, 2019 at 17121 Collins Avenue in Sunny Isles Beach, Florida, a residential building with many individual units. Trujillo claims he spoke with the concierge at the building and was told that Respondent lived in Unit 806. No one answered the door when Trujillo knocked on that date.

Trujillo returned the next day at 6:30 in the morning. He once again spoke with the concierge, who informed him that Respondent had recently entered the building with his children. Trujillo knocked on the door at Unit 806, and he claims that a teenage woman answered the door. Trujillo asked the woman if he could speak to Respondent, and the woman allegedly turned to speak to another male individual within the unit in a language he believed to be Russian. After speaking with the other individual, the woman told Trujillo that Respondent was not present in the apartment. Trujillo handed the woman the papers, explained to her what the subpoena sought, and left. After being notified the process server had delivered a copy of the subpoena to Respondent, Petitioners' counsel attempted to contact Respondent's counsel to re-schedule the deposition for a more convenient time, to no avail.

Respondent never appeared at the scheduled deposition and the Application with this Court followed.

## II.   ANALYSIS

Rule 45 of the Federal Rules of Civil Procedure governs. The Rule states that a subpoena must be issued by the court where an underlying action is pending, but

that challenges to the subpoena may be heard by the district court encompassing the place where compliance with that subpoena is required. Fed. R. Civ. P. 45(d)(1); *see also* Fed. R. Civ. P. 37(a)(2) ("A motion for an order [compelling disclosure or discovery] to a nonparty must be made in the court where the discovery is or will be taken."). The subpoena must also state the place where compliance is required, which must be within 100 miles of where the subpoenaed party resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c)(1)(A).

Respondent challenges enforcement of the subpoena, raising two arguments to support his argument. First, he contends that service of the subpoena was ineffective because he was traveling outside of the United States on the day in question and failed to receive personal service. Second, he argues that the subpoena seeks information, documents and testimony pertaining to matters beyond the scope of the New York action, and that this Court should therefore deny the request to enforce the subpoena here. We disagree for the reasons discussed below.

### A. *Service of Process*

Rule 45 of the Federal Rules of Civil Procedure states that "[a]ny person who is at least 18 years old and not a party may serve a subpoena." Fed. R. Civ. P. 45(b)(1). The Rule requires that a subpoena be served by "delivering a copy to the named person." *Id*. When service of process is challenged, the party on whose behalf it is made bears the burden of establishing its validity. *Hines v. Regions Bank*, 782 F. App'x 853, 854 (11th Cir. 2019) (citing *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)).

Respondent argues that the subpoena could not have been personally served because "Mr. Maistrenko was not in the United States at any time on January 10, 2019." [D.E. 10, p. 7]. Whether or not this is true, the Eleventh Circuit has not ruled on whether Rule 45 requires *personal* service, and many courts in this jurisdiction have declined to quash subpoenas when service had been deemed "reasonably designed to ensure actual receipt of the subpoena." *Rainey v. Taylor*, 2019 WL 1922000, at *2 (S.D. Fla. Apr. 30, 2019); *see also In re MTS Bank*, 2018 WL 1718685, at *4 (S.D. Fla. Mar. 16, 2018) (applying the rule of reasonable calculation when the subpoena was delivered to the deponent's attorney and the deponent never denied being in receipt of the subpoena); *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 2019 WL 1323116, at *3-4 (S.D. Fla. Feb. 22, 2019) (permitting service of subpoenas via FedEx or UPS because such methods are reasonably calculated to ensure receipt of the subpoena by the witness); *S.E.C. v. Rex Venture Grp., LLC*, 2013 WL 1278088, at *2 (M.D. Fla. Mar. 28, 2013) (finding that service was effectuated when made by FedEx and certified mail); *Codrington v. Anheuser-Busch, Inc.*, 1999 WL 1043861, at *1-2 (M.D. Fla. Oct. 15, 1999) (finding that "nothing in the plain language of the Rule requires personal service.").

We agree and find that Rule 45 does not require personal delivery of the subpoena in order to effectuate service. Here, the evidence submitted by Petitioners establish the following uncontested facts: (1) the process server identified the location of Respondent's residence and confirmed that address with concierge at the building in question; (2) an individual answered the door at the address and never disputed

the fact that Respondent resided at that location; and (3) the process server placed the subpoena in that individual's hands. As "the relevant inquiry is whether service of the subpoena was 'reasonably calculated' to ensure receipt of the subpoena by the deponent," *In re Viacao Itapemirim, S.A.*, 608 B.R. 268, 272-73 (Bankr. S.D. Fla. 2019), there can be no question that the means utilized by Petitioners here complied with the services requirements of Rule 45. Thus, the Court should find that the subpoena was properly served.

Such a recommendation finds ample support in the case law. Indeed, several courts have found that service of a subpoena on a family member or relative of the deponent is effective under Rule 45. *See In re Falcon Air Express, Inc.*, 2008 WL 2038799 (Bankr. S.D. Fla. May 8, 2008) (service on deponent's wife satisfies Rule 45); *Crescom Bank v. Terry*, 269 F. Supp. 3d 708, 711 (D. S.C. 2017) (service on deponent's husband satisfied Rule 45). And in other circumstances, service of a subpoena on a deponent's maid sufficed. *See Bozo v. Bozo*, 2013 WL 12128680, at *1 (S.D. Fla. Aug. 16, 2013) (substitute service under Rule 45 is satisfied by personal delivery of subpoenas "upon a maid" of the deponent and by leaving subpoenas at the door of deponents' home after "house manager" refused to open the door to accept service by hand). If these methods complied with Rule 45, Petitioners' efforts here must be deemed acceptable as well.

A recent case from Arizona helps to explain why personal service should not be required. *See Wells Fargo Bank N.A. v. Wyo Tech Investment Group, LLC*, 2019 WL 3208114, at *2-3 (D. Ariz. July 16, 2019). As the decision explains, other Rules of Civil

6

Procedure expressly indicate whether a party must effectuate personal service, but Rule 45 makes no mention of any such requirement. *Id.* at *2. The opinion also points out that requiring personal service under Rule 45 would render other portions of the same rule superfluous and unnecessary. *Id.* at *3. We highlight the persuasive portions of the Court's opinion here:

> [W]here personal service is required, the Federal Rules of Civil Procedure more clearly indicate [such a] requirement. Under Rule 4(e)(2)(a), personal service of the summons and complaint may be effectuated by "delivering a copy of the summons and of the complaint to the individual *personally*." Fed. R. Civ. P. 4(e)(2)(a) (emphasis added). If "delivering a copy to the named person" required personal service [to comply with Rule 45], then "personally" in Rule 4(e)(2)(a) would be rendered surplusage. …
>
> …[I]nterpreting Rule 45(b)(1) to require personal service would [also] render superfluous the provision of Rule 45 indicating that proof of service is accomplished by "filing…a statement showing the…manner of service." Fed. R. Civ. P. 45(b)(4) (emphasis added). […] If only one manner of service were permissible (i.e., personal service), there would be no need to specify it.

*Id.* at *3.

We agree with Judge Lanza's reasoning in *Wells Fargo* and adopt it here. Under Rule 45, personal service is not required, and service of a non-party subpoena only requires "a manner of service reasonably designed to ensure actual receipt of the subpoena." *Id.* Here, we find that Petitioners' service of Maistrenko with the subpoena complied with this requirement, and Respondent's arguments to the contrary should be rejected.

### B. *The Scope of the Subpoena*

We also reject Maistrenko's attempt to argue that the subpoena seeks irrelevant information. "The scope of discovery under a Rule 45 subpoena is generally viewed as being coextensive with what is permitted under Rule 26." *Bozo*, 2013 WL 12128680, at *2. Rule 26 allows parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The term "relevant" is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." *Auto-Owner Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 430 (quoting *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978)).

The record evidence submitted by the Petitioners shows that several large payments were made to Maistrenko by the defendants named in the New York action during the course of the alleged fraudulent scheme. If those payments were being made for legitimate reasons, Petitioners are entitled to discover (and, we would assume, Maistrenko would wish to clarify) why such payments took place; and if the payments were related to the alleged illicit scheme, that information is all the more vital – and relevant – to the claims raised by State Farm in the New York action. Based on this record, coupled with the fact that the Eastern District of New York has previously denied Maistrenko's attempt to quash a subpoena related to certain banking records based on arguments similar to the ones he raises here, we cannot say that the information sought by Petitioners is so unrelated to the underlying

claims that it must be deemed irrelevant pursuant to Rule 26.[2] Thus, we find that it is discoverable.

### III. CONCLUSION

In light of the foregoing, we hereby **RECOMMEND** that Petitioners' Motion to Compel compliance with the subpoena is **GRANTED**. Maistrenko or his counsel must provide, within fifteen (15) days of adoption of this Report, dates for Maistrenko's deposition, which must take place no later than forty-five (45) days from any such adoption by the District Judge. Any witness fees owed pursuant to Rule 45(b)(1) must also be paid within fifteen (15) days of adoption of the Report by the District Judge.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the Honorable Judge Robert N. Scola. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

---

[2] We likewise reject Maistrenko's half-hearted attempt to argue that the deposition would somehow impose an undue burden.

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 20th day of December, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge