United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| State Farm Mutual Automobile | ) | |
| Insurance Company and State | ) | |
| Farm Fire and Casualty Company, | ) | |
| Petitioners, | ) | |
| | ) | Civil Action No. 19-20850-mc-Scola |
| v. | ) | |
| | ) | |
| Vladimir Maistrenko, | ) | |
| Respondent. | ) | |

## Order Adopting the Magistrate's Report and Recommendation

This matter was referred to United States Magistrate Judge Edwin G. Torres for a report and recommendation on the Petitioners' motion to compel the deposition of non-party Vladimir Maistrenko. (ECF No. 5.) On December 20, 2019, Judge Torres issued a Report, recommending that the Court grant the motion and compel the Respondent to appear for his deposition. (ECF No. 16.) The Respondent filed objections to the Report (ECF No. 17) and the Petitioners responded. (ECF No. 20.) The matter is now ripe for the Court's review.

## I. Background

This case stems from ongoing litigation in the Eastern District of New York, *State Farm Mutual Automobile Ins. Co. v. Jules Parisien, M.D., et al,* Case No. 18-cv-00289. Petitioners, the plaintiffs in the New York action, filed suit against twenty separate entities and individuals alleging that each committed fraud and violated the Racketeer Influenced and Corrupt Organizations Act. According to the New York complaint, the defendants engaged in a scheme to defraud State Farm by submitting fraudulent insurance claims for medical treatments that never occurred. During the course of the scheme, many of the defendants made large payments to individuals residing in the Miami area, including Respondent here. State Farm obtained a Rule 45 subpoena from the Eastern District of New York that required the Respondent to appear for a deposition on January 31, 2019 in Coral Gables, Florida. Respondent never appeared for his deposition.

In support of its motion before this Court, the Petitioners submitted an affidavit from the process server that served Maistrenko. On January 9, 2019, the process server attempted to serve the subpoena on Maistrenko at 17121 Collins Avenue, #806, Sunny Isles Beach, FL, 33160. (ECF No. 15 at 14.) He spoke with the concierge and confirmed that Mainstrenko lived in unit 806 with

his wife and children. (*Id.* at 14-15.) The process server knocked on the door of unit 806 but there was no response. He returned the next day at 6:30 a.m. and again knocked on the door of Maistrenko's apartment. A woman, about 17 or 18 years old, answered the door. (*Id.* at 15.) When the process server asked to speak with Maistrenko, the woman spoke to a man in the apartment that the process server could not see. They spoke in another language. She then told the process server that Maistrenko was not home. The process server handed the papers to her and explained that they required Maistrenko's participation in a lawsuit. (*Id.* at 15.)

## II.    Standard

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 Fed.Appx. 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." Local R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 Fed.Appx. at 783–84 (quoting *Heath,* 863 F.2d at 822) (alterations omitted). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 Fed.Appx. at 784 (quoting *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir. 1999)).

## III.    Analysis

Maistrenko challenges enforcement of the subpoena arguing that (1) service of the subpoena was ineffective because it was not served on him personally and (2) the subpoena seeks information, documents, and testimony that are beyond the scope of the New York action. (ECF No. 16 at 4.) In his Report, Judge Torres held that Rule 45 does not require personal service. (*Id.* at 5.) He also held that the subpoena seeks information relevant to the New York lawsuit. Accordingly, Judge Torres recommends that the Court grant the Petitioner's motion to compel Maistrenko's compliance with the Rule 45 subpoena.

Maistrenko objects to Judge Torres's conclusion that Rule 45 does not require personal service. (ECF No. 17 at 3-5.) Rule 45 states that "[s]erving a subpoena requires delivering a copy to the named person[.]" Both parties

acknowledge that there is a split of authority regarding whether this language requires personal service or service "in a manner that reasonably insures actual receipt of the subpoena by the witness." *King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997). While the Eleventh Circuit has not weighed in on the issue, the weight of authority in the Southern District of Florida indicates that personal service is *not* required. *See TraFone Wireless, Inc. v. Nektova Group, LLC*, 328 F.R.D. 664, 667 (S.D. Fla. 2019) (Goodman, J.); *In re MTS Bank,* No. 17-21545-MC, 2018 WL 1718685, at *4 n.3 (S.D. Fla. Mar. 16, 2018) (Torres, J.); *Bozo v. Bozo*, No. 12-CV-24174, 2013 WL 12128680, at *1 (S.D. Fla. Aug. 16, 2013) (Williams, J.); *In re Falcon Air Exp., Inc.*, No. 06-11877-BKC-AJC, 2008 WL 2038799, at *4 (Bankr. S.D. Fla. May 8, 2008) (Cristol, J.).

Maistrenko argues that, in the absence of an Eleventh Circuit opinion on point, this Court should follow the Fifth Circuit's decision in *Harrison v. Prather*, 404 F.2d 267 (5th Cir. 1968). In *Harrison*, the Fifth Circuit held that service upon the plaintiff's counsel was not sufficient under Rule 45. 404 F.2d at 273. However, this Court finds the reasoning articulated by Judge Cristol in *In re Falcon Air Express* persuasive on this issue. Judge Cristol found that the respondent's reliance on *Harrison* was misplaced because "the *Harrison* court did not conduct an analysis as to whether personal service was the only permissible form of service under Rule 45. The *Harrison* court merely provides a narrow, limited holding that service of a subpoena for a party on that party's counsel is not service which conforms to the rule. This ruling in no way addresses or comments on whether other forms of service would be permissible under Rule 45[.]" *In re Falcon Air Exp., Inc.*, 2008 WL 2038799 at *4. Accordingly, this Court adopts the "better-reasoned, modern, emerging minority position," which holds that Rule 45 requires service in a manner that reasonably insures actual receipt of the subpoena by the witness.

Maistrenko also objects to Judge Torres's characterization of the person that received the subpoena as "an adult or teenager otherwise competent to receive service on behalf of Maistrenko." (ECF No. 17 at 4.) Judge Torres's Report, however, did not rely on the age of the person who answered the door in determining that the subpoena was properly served. Judge Torres relied on the uncontested facts that "(1) the process server identified the location of Respondent's residence and confirmed that address with concierge at the building in question; (2) an individual answered the door at the address and never disputed the fact that Respondent resided at that location; and (3) the process server placed the subpoena in that individual's hands." (ECF No. 16 at 5-6.)

Lastly, Maistrenko objects to the Report's conclusion that Rule 45's relevance requirement has been satisfied. (ECF No. 17 at 7.) A Rule 45 subpoena

"should be enforced unless it is clear that the evidence sought can have no possible bearing on the issues." *Benavides v. Velocity IQ, Inc.,* No. 05-cv-1536-T-30, 2006 WL 680656, at *2 (M.D. Fla. Mar. 15, 2006). Here, Judge Torres correctly concluded that the large payments made to Maistrenko by the defendants named in the New York action are relevant. The party seeking to depose Maistrenko is entitled to discover whether these payments were made in furtherance of the fraudulent scheme being litigated in New York. Maistrenko objects because he believes this line of inquiry is based on conjecture. However, "relevance" is to be broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." *Auto-Owner Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 430 (M.D. Fla. 2005) (quoting *Oppenheimer Fund v. Sanders,* 437 U.S. 340, 351 (1978)). Accordingly, the Court overrules Maistrenko's objection.

## IV.  Conclusion

The Court has also reviewed the remaining parts of the Report for clear error. Upon this review, the Court finds no clear error evident in Judge Torres's conclusions. Therefore, the Court **affirms and adopts** the report and recommendation (**ECF No. 16**) and **grants** the Petitioner's motion to compel the deposition of Vladimir Maistrenko (**ECF No. 1**). The issues raised in this action are now resolved. The Clerk is directed to **close** this case. Any party seeking supplemental relief may seek to reopen the action if necessary.

**Done and ordered**, in chambers, in Miami, Florida on January 30, 2020.

Robert N. Scola, Jr.
United States District Judge